MARY SCHULTZ                                    Hon. Stanley A. Bastian
MARY SCHULTZ LAW, P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
Tel: (509) 245-3522, Ext. 1
E-mail: Mary@MSchultz.com

*Attorney for Defendants Penny Rodriguez, Weeping Ridge North, LLC, Weeping Ridge, LLC, Weeping Ridge Home Health, LLC, and Weeping Ridge Lake Spokane, LLC*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KINSALE INSURANCE COMPANY, | Case No. 2:21-cv-00186-SAB |
| Plaintiff, | DEFENDANT PENNY GARDNER (*fka* RODRIGUEZ) and her Weeping Ridge Entities ANSWER TO KINSALE'S FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT |
| v. | |
| WEEPING RIDGE LLC, ET AL, | |
| Defendants. | AND COUNTERCLAIM |
| | *With Jury Demand* |

Defendant Penny Gardner (*fka* Rodriguez), answers Plaintiff Kinsale Insurance Company's first amended complaint on her behalf and on behalf of her Defendant Weeping Ridge entities, Defendants Weeping Ridge, LLC;

DEFENDANT PENNY GARDNER (*fka* RODRIGUEZ), WEEPING RIDGE
ENTITIES, ANSWER AND COUNTERCLAIM
Page 1 of 33

Weeping Ridge Home Health, LLC; Weeping Ridge Lake Spokane, LLC; and

Weeping Ridge North, LLC, as follows:

## I.    INTRODUCTION

1.    It is admitted that this is an insurance coverage action seeking declaratory relief; the remainder is denied for lack of knowledge.

## II.    PARTIES

2.    Lack of knowledge, to be determined, and thereby denied.

3.    Admitted that Weeping Ridge LLC was a Washington Limited Liability Company. On or after May 4, 2017, lack of knowledge, to be determined, and thereby denied.

4.    Admitted that Weeping Ridge Home Health was a Washington Limited Liability Company. On or after May 4, 2017, lack of knowledge, to be determined, and thereby denied.

5.    Admitted that Weeping Ridge Spokane was a Washington Limited Liability Company. On or after May 4, 2017, lack of knowledge, to be determined, and thereby denied.

DEFENDANT PENNY GARDNER (*fka* RODRIGUEZ), WEEPING RIDGE
ENTITIES, ANSWER AND COUNTERCLAIM
Page 2 of 33



2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

6.  Admitted that Weeping Ridge North was a Washington Limited Liability Company. On or after May 4, 2017, lack of knowledge, to be determined, and thereby denied.

7.  Admitted that Weeping Ridge West was a Washington Limited Liability Company. On or after May 4, 2017, lack of knowledge, to be determined, and thereby denied.

8.  Admitted that Weeping Ridge Estate was a Washington Limited Liability Company. On or after May 4, 2017, lack of knowledge, to be determined, and thereby denied.

9.  Lack of knowledge, to be determined, and thereby denied.

10.  Admitted that IPRI was a Washington Limited Liability Company. On or after May 4, 2017, lack of knowledge, to be determined, and thereby denied.

11.  Admitted.

12.  Admitted that such was the case during the relevant period of time.

13.  Insufficient information, and therefore denied.

14.  Insufficient information, and therefore denied.

15.  Insufficient information, and therefore denied.

DEFENDANT PENNY GARDNER (*fka* RODRIGUEZ), WEEPING RIDGE ENTITIES, ANSWER AND COUNTERCLAIM
Page 3 of 33



2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

16.    Insufficient information, and therefore denied.

17.    Insufficient information, and therefore denied.

18.    Insufficient information, and therefore denied.

19.    Insufficient information, and therefore denied.

20.    Insufficient information, and therefore denied.

21.    Insufficient information, and therefore denied.

22.    Insufficient information, and therefore denied.

23.    Insufficient information, and therefore denied.

24.    Insufficient information, and therefore denied.

25.    Insufficient information, and therefore denied.

26.    Insufficient information, and therefore denied.

27.    Insufficient information, and therefore denied.

28.    Insufficient information, and therefore denied.

29.    Insufficient information, and therefore denied.

### III.    JURISDICTION AND VENUE

30.    Admitted.

31.    Admitted.

32.    Admitted.

DEFENDANT PENNY GARDNER (*fka* RODRIGUEZ), WEEPING RIDGE
ENTITIES, ANSWER AND COUNTERCLAIM
Page 4 of 33

*M*ARY
*S*CHULTZ
*L*AW, P.S.

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

## IV.    FACTS

### A.    The Subject Loss.

33.    Admitted that this was the location of Weeping Ridge North at relevant times.

34.    Admitted that Israel Rodriguez was a certified nursing assistant (CNA) and that Penny Leah Gardner was a registered nurse at the relevant times. Admitted that Penny Gardner owned the Weeping Ridge entities in co-ownership with Israel Rodriguez. Insufficient information on and after May 4, 2017, lack of knowledge, to be determined, and thereby denied.

35.    Denied for lack of information.

36.    Denied for lack of information.

37.    Denied for lack of information.

38.    Denied for lack of information.

39.    Denied for lack of information.

40.    Denied for lack of information.

41.    Denied for lack of information.

42.    Denied for lack of information.

43.    Denied for lack of information.

DEFENDANT PENNY GARDNER (*fka* RODRIGUEZ), WEEPING RIDGE
ENTITIES, ANSWER AND COUNTERCLAIM
Page 5 of 33



2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

44.    Denied for lack of information.

45.    Denied for lack of information.

46.    Denied for lack of information.

**B.    <u>The Underlying Lawsuit.</u>**

47.    Admitted.

48.    Admitted.

**C.    <u>The Policies of Insurance Issued By Kinsale.</u>**

49.    Under investigation, and therefore currently denied. The Plaintiff did not communicate with Gardner regarding these policies.

50.    Under investigation, and therefore currently denied. The Plaintiff did not communicate with Gardner regarding these policies.

51.    Under investigation, and therefore currently denied. The Plaintiff did not communicate with Gardner regarding these policies.

52.    Under investigation, and therefore currently denied. The Plaintiff did not communicate with Gardner regarding these policies.

53.    Under investigation, and therefore currently denied. The Plaintiff did not communicate with Gardner regarding these policies.

DEFENDANT PENNY GARDNER (*fka* RODRIGUEZ), WEEPING RIDGE
ENTITIES, ANSWER AND COUNTERCLAIM
Page 6 of 33

MARY
SCHULTZ
LAW. P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

54.    Under investigation, and therefore currently denied. The Plaintiff did not communicate with Gardner regarding these policies.

55.    Under investigation, and therefore currently denied. The Plaintiff did not communicate with Gardner regarding these policies.

56.    Under investigation, and therefore currently denied. The Plaintiff did not communicate with Gardner regarding these policies.

57.    Under investigation, and therefore currently denied. The Plaintiff did not communicate with Gardner regarding these policies.

58.    Under investigation, and therefore currently denied. The Plaintiff did not communicate with Gardner regarding these policies.

59.    Under investigation, and therefore currently denied. The Plaintiff did not communicate with Gardner regarding these policies.

60.    Under investigation, and therefore currently denied. The Plaintiff did not communicate with Gardner regarding these policies.

61.    Under investigation, and therefore currently denied. The Plaintiff did not communicate with Gardner regarding these policies.

62.    No answer is necessary.

DEFENDANT PENNY GARDNER (*fka* RODRIGUEZ), WEEPING RIDGE ENTITIES, ANSWER AND COUNTERCLAIM
Page 7 of 33



2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

## V.    THERE IS AN ACTUAL AND JUSTIFIABLE CONTROVERSY AS TO KINSALE'S COVERAGE OBLIGATIONS UNDER THE POLICIES.

63.    No answer is necessary.

64.    These assertions are being investigated and are therefore currently denied, although it is admitted that this matter involves justiciable controversies regarding coverage.

65.    These assertions are being investigated and are therefore currently denied, although it is admitted that this matter involves justiciable controversies regarding coverage.

66.    These assertions are being investigated and are therefore currently denied, although it is admitted that this matter involves justiciable controversies regarding coverage.

67.    These assertions are being investigated and are therefore currently denied, although it is admitted that this matter involves justiciable controversies regarding coverage.

68.    These assertions are being investigated and are therefore currently denied, although it is admitted that this matter involves justiciable controversies regarding coverage.

DEFENDANT PENNY GARDNER (*fka* RODRIGUEZ), WEEPING RIDGE ENTITIES, ANSWER AND COUNTERCLAIM
Page 8 of 33



2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

69.     These assertions are being investigated and are therefore currently denied, although it is admitted that this matter involves justiciable controversies regarding coverage.

70.     These assertions are being investigated and are therefore currently denied, although it is admitted that this matter involves justiciable controversies regarding coverage.

71.     These assertions are being investigated and are therefore currently denied, although it is admitted that this matter involves justiciable controversies regarding coverage.

72.     These assertions are being investigated and are therefore currently denied, although it is admitted that this matter involves justiciable controversies regarding coverage.

73.     These assertions are being investigated and are therefore currently denied, although it is admitted that this matter involves justiciable controversies regarding coverage.

74.     These assertions are being investigated and are therefore currently denied, although it is admitted that this matter involves justiciable controversies regarding coverage.



75.     These assertions are being investigated and are therefore currently denied, although it is admitted that this matter involves justiciable controversies regarding coverage.

76.     These assertions are being investigated and are therefore currently denied, although it is admitted that this matter involves justiciable controversies regarding coverage.

77.     These assertions are being investigated and are therefore currently denied, although it is admitted that this matter involves justiciable controversies regarding coverage.

78.     These assertions are being investigated and are therefore currently denied, although it is admitted that this matter involves justiciable controversies regarding coverage.

79.     Admitted that this matter involves justiciable controversies regarding coverage.

80.     These assertions are being investigated and are therefore currently denied, although it is admitted that this matter involves justiciable controversies regarding coverage, and that recent Washington law may render denial of coverage as violative of Washington's public policy. *Preferred Contractors Ins.*



2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

*Co. v. Baker & Son Constr. Inc.,* 514 P.3d 1230, 1237–38 (Wash. 2022) (public policy concerns attendant to the contracting industry render policies which require the loss to occur and be reported to the insurer in the same policy year and which fail to provide prospective or retroactive coverage as unenforceable).

81.    Admitted that this matter involves justiciable controversies regarding coverage; denied otherwise.

82.    Admitted that this matter involves justiciable controversies regarding coverage; denied that there is no duty to defend, and otherwise.

83.    Admitted that this matter involves justiciable controversies regarding coverage; denied that there is no duty to defend, and otherwise.

84.    Admitted that this matter involves justiciable controversies regarding coverage; denied that there is no duty to defend, and otherwise.

85.    Admitted that this matter involves justiciable controversies regarding coverage; denied that there is no duty to defend, and otherwise.

86.    Admitted that this matter involves justiciable controversies regarding coverage; denied that there is no duty to defend, and otherwise.



2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

Admitted that this matter involves justiciable controversies regarding coverage; denied that there is no duty to defend, and otherwise.

87.    These assertions are being investigated and are therefore currently denied, although it is admitted that this matter involves justiciable controversies regarding coverage.

88.    These assertions are being investigated and are therefore currently denied, although it is admitted that this matter involves justiciable controversies regarding coverage.

89.    These assertions are being investigated and are therefore currently denied, although it is admitted that this matter involves justiciable controversies regarding coverage.

90.    These assertions are being investigated and are therefore currently denied, although it is admitted that this matter involves justiciable controversies regarding coverage.

91.    These assertions are being investigated and are therefore currently denied, although it is admitted that this matter involves justiciable controversies regarding coverage.



92.    These assertions are being investigated and are therefore currently denied, although it is admitted that this matter involves justiciable controversies regarding coverage.

93.    These assertions are being investigated and are therefore currently denied, although it is admitted that this matter involves justiciable controversies regarding coverage.

94.    These assertions are being investigated and are therefore currently denied, although it is admitted that this matter involves justiciable controversies regarding coverage.

95.    These assertions are being investigated and are therefore currently denied, although it is admitted that this matter involves justiciable controversies regarding coverage.

96.    These assertions are being investigated and are therefore currently denied, although it is admitted that this matter involves justiciable controversies regarding coverage.

97.    These assertions are being investigated and are therefore currently denied, although it is admitted that this matter involves justiciable controversies regarding coverage.

DEFENDANT PENNY GARDNER (*fka* RODRIGUEZ), WEEPING RIDGE
ENTITIES, ANSWER AND COUNTERCLAIM
Page 13 of 33



2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

98.    These assertions are being investigated and are therefore currently denied, although it is admitted that this matter involves justiciable controversies regarding coverage.

99.    These assertions are being investigated and are therefore currently denied, although it is admitted that this matter involves justiciable controversies regarding coverage.

100.    These assertions are being investigated and are therefore currently denied, although it is admitted that this matter involves justiciable controversies regarding coverage.

101.    These assertions are being investigated and are therefore currently denied, although it is admitted that this matter involves justiciable controversies regarding coverage, and that recent Washington law may render denial of coverage as violative of Washington's public policy. *Preferred Contractors Ins. Co. v. Baker & Son Constr. Inc.*, 514 P.3d at 1237.

102.    These assertions are being investigated and are therefore currently denied, although it is admitted that this matter involves justiciable controversies regarding coverage, and that recent Washington law may render denial of

DEFENDANT PENNY GARDNER (*fka* RODRIGUEZ), WEEPING RIDGE
ENTITIES, ANSWER AND COUNTERCLAIM
Page 14 of 33



2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

coverage as violative of Washington's public policy. *Preferred Contractors Ins. Co. v. Baker & Son Constr. Inc.*, 514 P.3d at 1237.

103.    Denied.

104.    These assertions are being investigated and are therefore currently denied, although it is admitted that this matter involves justiciable controversies regarding coverage.

105.    Denied that there is no duty to defend; otherwise, these assertions are being investigated and are therefore currently denied, although it is admitted that this matter involves justiciable controversies regarding coverage.

106.    These assertions are being investigated and are therefore currently denied, although it is admitted that this matter involves justiciable controversies regarding coverage.

107.    These assertions are being investigated and are therefore currently denied, although it is admitted that this matter involves justiciable controversies regarding coverage.

108.    These assertions are being investigated and are therefore currently denied, although it is admitted that this matter involves justiciable controversies regarding coverage.

*MARY SCHULTZ LAW. P.S.*

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

109.   These assertions are being investigated and are therefore currently denied, although it is admitted that this matter involves justiciable controversies regarding coverage.

110.   These assertions are being investigated and are therefore currently denied, although it is admitted that this matter involves justiciable controversies regarding coverage.

111.   These assertions are being investigated and are therefore currently denied, although it is admitted that this matter involves justiciable controversies regarding coverage.

112.   These assertions are being investigated and are therefore currently denied, although it is admitted that this matter involves justiciable controversies regarding coverage.

113.   These assertions are being investigated and are therefore currently denied, although it is admitted that this matter involves justiciable controversies regarding coverage.

114.   These assertions are being investigated and are therefore currently denied, although it is admitted that this matter involves justiciable controversies regarding coverage

DEFENDANT PENNY GARDNER (*fka* RODRIGUEZ), WEEPING RIDGE
ENTITIES, ANSWER AND COUNTERCLAIM
Page 16 of 33



2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

115.   These assertions are being investigated and are therefore currently denied, although it is admitted that this matter involves justiciable controversies regarding coverage.

116.   These assertions are being investigated and are therefore currently denied, although it is admitted that this matter involves justiciable controversies regarding coverage.

117.   These assertions are being investigated and are therefore currently denied, although it is admitted that this matter involves justiciable controversies regarding coverage.

118.   Admitted; and equally admitted that all Defendants equally reserve the right to assert other grounds for coverage.

## VI.    CAUSE OF ACTION FOR DECLARATORY RELIEF

119.   No answer is necessary.

120.   Defendants deny that there is no duty to defend; Defendants admit that an actionable and justiciable controversy exists as to whether Kinsale owes a duty of coverage to her and her entities under any policies issued to her entities, and under which she was, and should have been, insured.

121.   Denied.

DEFENDANT PENNY GARDNER (*fka* RODRIGUEZ), WEEPING RIDGE ENTITIES, ANSWER AND COUNTERCLAIM
Page 17 of 33



2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

122. Admitted that this matter involves justiciable controversies regarding coverage.

123. Denied.

## VII.   KINSALE DEMAND FOR RELIEF

WHEREFORE, Gardner and her entities responds to Kinsale's Request for Relief and asks that the Court declare as follows:

1. That Kinsale owes Defendant Gardner defense and indemnity obligations under its policies, including defending her interests in the entities.

2. That Kinsale be bound by such judgment.

3. That Defendant Gardner receive attorney fees, costs and other relief as provided by law, including bad faith relief and damages associated therewith.

4. For such further relief as is deemed just and equitable,

5. For all relief as asserted by counterclaim below.

## VIII.   <u>COUNTERCLAIM.</u>

Penny Gardner counterclaims against Plaintiff Kinsale as follows:

1. Counterclaimant Gardner is a 50% owner of her co-defendant LLCs Weeping Ridge, LLC, Weeping Ridge Home Health, LLC, Weeping Ridge Lake Spokane, LLC, and Weeping Ridge North, LLC.

DEFENDANT PENNY GARDNER (*fka* RODRIGUEZ), WEEPING RIDGE
ENTITIES, ANSWER AND COUNTERCLAIM
Page 18 of 33

2. Gardner has been unable to obtain production from Plaintiff Kinsale and from Defendant Israel Rodriguez regarding their interactions as of this date notwithstanding formal discovery requests to both, and this counterclaim is therefore based upon information known to Gardner at this time, and believed to be the case.

3. Certain claims under Washington's Insurance Fair Conduct Act, RCW §§ 48.30.010 et. seq., and WAC 284-30-300, known as the "Unfair Claims Settlement Practices Regulation" Act, are not yet formally asserted because they require certain pre-exhaustion which will be properly grounded upon the discovery production requested (RCW 48.30.015 (8)), but per Gardner's August 30, 2022 Rule 26 bad faith expert report, notice has been given to Plaintiff of the intent to include such claims upon their maturity.

4. Plaintiff Kinsale has been aware that Gardner's co-defendant business partner Israel Rodriguez, and the State of Washington, both excluded her from the premises, operation of, administration of, and knowledge of the operation of her LLCs, commencing on May 4, 2017.

5. Gardner first became aware of the underlying alleged March 2018 wrongful death of a child in her Weeping Ridge North LLC facility in March

MARY SCHULTZ LAW. P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

2021 when she was served with the underlying *Esparza, et al v. Weeping Ridge, LLC*, et al, Spokane Superior Court Cause No. 21-2-00613-32 lawsuit.

6.    Gardner first became aware of the lack of insurance coverage for her Weeping Ridge North, LLC when Kinsale served its Declaratory Judgment action upon her.

7.    At all relevant times between May 4, 2017 and July 2, 2019, during which this death occurred, Kinsale was aware that Israel Rodriguez was under the order of a Stevens County Superior Court that he not allow any lapse in insurance in any policy covering any of the Weeping Ridge entities or parties; moreover, the State of Washington requires continuing liability insurance to be in place for any critical care facility such as Weeping Ridge North LLC to remain operational.

8.    By virtue of Kinsale's correspondence and pleadings, Kinsale was aware that there were lapses in coverage, and such could have been addressed and remedied by Kinsale, but were not.

9.    When Gardner and her entities were sued, and on or about April 12, 2021, Gardner's defense and that of her entities was tendered by a dissolution court receiver to Kinsale.

DEFENDANT PENNY GARDNER (*fka* RODRIGUEZ), WEEPING RIDGE ENTITIES, ANSWER AND COUNTERCLAIM
Page 20 of 33



2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

10.    Kinsale was aware that conflicts of interest prevented an attorney representing Israel Rodriguez from representing Gardner, and that a Stevens County Superior Court and an Office of Administrative Hearings in the State of Washington had both already determined that principle.

11.    Kinsale had a duty to provide Gardner a defense of her interest, and to defend her entities via her interest, and failed to do so.

12.    Kinsale had a duty to reasonably investigate into the existence of conflicts of interest that existed in any proposed representation of Gardner, and failed to do so.

13.    Gardner was required to hire private counsel to defend her personal and LLC interests at her own expense as of June 23, 2021.

14.    Kinsale was placed on notice of this untenable situation as early as June 23, 2021, and that notice was formalized by a letter from her counsel to Kinsale dated September 23, 2021.

15.    On September 23, 2021, Gardner's privately retained counsel formally notified Kinsale of the history of efforts at obtaining a defense for Gardner under reservation of rights given the conflicts involved, and told Kinsale that it was causing Gardner "substantial financial damage" by its refusal

DEFENDANT PENNY GARDNER (*fka* RODRIGUEZ), WEEPING RIDGE
ENTITIES, ANSWER AND COUNTERCLAIM
Page 21 of 33



2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

to defend her, as well as causing her emotional harm, and prejudice to her rights.

16.    In the letter of September 23, 2021, Gardner notified Kinsale that "Kinsale's actions toward Penny Rodriguez in denying her a defense and associated costs are in violation of Washington state insurance regulations, as well as the statutory and administrative mandates governing the conduct of the insurance industry."

17.    Gardner notified Kinsale that "Kinsale is engaged in gender discrimination in violation of Washington's Law Against Discrimination in insurance transactions (RCW 49.60.030(1)(e))."

18.    Gardner notified Kinsale that its actions were "a violation of the Consumer Protection Act, RCW 19.86 et seq. as a result of all of the foregoing."

19.    In retaliation for that notice, on September 27, 2021, Kinsale assigned Gardner a lawyer for her "defense" in the underlying action who had known conflicts of interest.

20.    That lawyer, Steve Dixson, of Witherspoon Kelley, had already appeared for other defendants, including that very day of September 27, 2021 entering a notice of appearance in the *Esparza* lawsuit for two of Rodriguez's employee co-defendants Sean Payne, "Spouse Payne", Melissa Finch and

*Mary* *Schultz* *Law*, P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

"Spouse Finch." (Dkt. 129, underlying lawsuit).

21.    Counsel Dixson never contacted Gardner because of the obvious conflicts.

22.    On December 1, 2021, Kinsale then formally denied Gardner and her interests any defense at all, denying Gardner's "tender seeking defense against her in the Coverage Lawsuit," with new reasoning.

23.    Kinsale has continually failed to defend Gardner and treated Gardner less favorably than Israel Rodriguez when she is an equal owner of the facility sued, including providing Israel Rodriguez with a defense and not her, and withholding material information from her critical to her coverage and her defense, to this day, while allowing him that information.

24.    It is believed, but Kinsale has not disclosed, that Kinsale has been defending Israel Rodriguez by and through funding multiple lawyers for him and the named employees he hired, with the following lawyers and law firms believed to have been assigned to the latter, and with investigation continuing: Kevin Roberts, Chad Freebourn, Roberts Freebourn, PLLC, Petra N. Ambrose, Katherine St. Germain, Gordon Rees Scully Mansikhani, LLP, Mark Louvier, Samuel Thilo, Evans Craven and Lackie, Steve Dixson, Witherspoon Kelley,

MARY
SCHULTZ
LAW. P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

William Etter, and Etter, McMahon, Lamberson.

25.    Kinsale's less favorable treatment towards Gardner also includes its refusal to reasonably communicate with her as to its position, its files, or to respond to questions regarding coverage and her defense.

26.    Kinsale has acted deceptively by continued to represent, including to this federal district court, that it was and is representing Gardner under a reservation of rights.  *See, e.g.*, ECF 49, "Joint" Motion to Stay filed June 15, 2022 (stating "Kinsale is currently defending the Weeping Ridge Defendants and (Gardner) in the Underlying Lawsuit pursuant to a reservation of rights. The Underlying Lawsuit is currently ongoing," at p. 4:2-6); *also see* ECF 61 (filed July 1, 2022, at page 5: 19-22, with Gardner's dispute of that at page 5: 22-6:4); see also ECF 78, 79 (filed today).

27.    Gardner has been required to formally responded to Kinsale's misrepresentations and exclusions. See ECF 50 (June 15, 2022); ECF 55-1 (exhibit filed June 22, 2022 by Kinsale showing Defendant Gardner telling Plaintiff Kinsale that its representation to this Court about defending her is not true; that it has done nothing to defend her and that it is incorrect for Plaintiff to represent otherwise in this forum); see also ECF 56 (June 23, 2022 Gardner

DEFENDANT PENNY GARDNER (*fka* RODRIGUEZ), WEEPING RIDGE
ENTITIES, ANSWER AND COUNTERCLAIM
Page 24 of 33

MARY
SCHULTZ
LAW, P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

Notice of Appearance, Second Amended); ECF 61, p. 5 (July 1, 2022).

28.    Gardner further filed a Second Amended Notice of Appearance on June 23, 2022, ECF 56, stating that "Plaintiff Kinsale has, for months, claimed to this District Court, as it did to the Stevens County Superior Court, that it has been adhering to its duty to defend Defendant Penny Gardner under a reservation of rights, while it has provided her no defense to this date in that underlying action or in this action."

29.    Gardner again notified Kinsale on July 1, 2022 that she was continuing to be excluded from recognition as someone with equal status, and that, "regardless of the potential outcome regarding coverage, Plaintiff Kinsale has violated and continues violating its duties of good faith and fair dealing, including its duty to defend, as to Defendant Gardner and Weeping Ridge North LLC, including by treating its insureds unequally and inconsistently in an environment of conflict representation, and misrepresenting agreements by Defendant Weeping Ridge LLC where no such agreement exists." *See* ECF 52, Gardner's Joint Statue Report, page 5: 9-15.

30.    Gardner notified Kinsale (and the Court) that as a result of the foregoing failures, (Gardner has) incurred and will continue to incur substantial

DEFENDANT PENNY GARDNER (*fka* RODRIGUEZ), WEEPING RIDGE
ENTITIES, ANSWER AND COUNTERCLAIM
Page 25 of 33



2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

fees and costs, which should be reimbursed." *Id*. at p. 5.

31.    Kinsale has unfairly and deceptively handled this claim as to Gardner by, as examples only, claiming that it would defend her, was defending her, then would not defend her, then would defend her, while telling the courts throughout that it was defending her, all the while requiring her to pay for her own private counsel.

32.    Kinsale has failed to produce the necessary information to Gardner about policies and communications related to those policies, including communications related to her exclusion, as she has requested, including most recently under formal discovery mechanisms, including requests for production of Kinsale's communications with Defendant Israel Rodriguez and other Defendants that Kinsale is defending as of this date.

33.    On August 30, 2022, Gardner served Kinsale with a Rule 26 expert report detailing its bad faith conduct.

34.    In retaliation, on September 8, 2022, Kinsale assigned Gardner a "new counsel" to once again ostensibly defend her in the underlying Esparza action, which is now over a year and a half old and well into summary judgment motions and continuing depositions.

DEFENDANT PENNY GARDNER (*fka* RODRIGUEZ), WEEPING RIDGE
ENTITIES, ANSWER AND COUNTERCLAIM
Page 26 of 33



2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

35.    Kinsale has now invoked its ostensible "cooperation clause" of some policy for which it will not produce the communication information sought, but which plainly does not have Gardner's signature on it because she was excluded from that process.

36.    Kinsale's belated September 8, 2022 directive is an attempt to sabotage Gardner's defense in the underlying wrongful death action.

37.    Gardner responded formally to this effort on October 13, 2022 again explaining that Kinsale had not produced documents requested, identification of payments, or other production requested and, by virtue of a Rule 26 conference that day, had promised to provide such production within seven days.

38.    Gardner also advised that the new assignment appeared to be intended to disrupt Gardner's defense in the underlying lawsuit, and interfere with those defenses to harm her litigation interests in all actions.

39.    From March 2019 to this date, Kinsale has caused Gardner actual damages, including economic and noneconomic damages, including emotional distress. *Beasley v. GEICO Gen. Ins. Co.*, 517 P.3d 500 (Wash. Ct. App. 2022)

WHEREFORE Penny Gardner, on her behalf and that of her Weeping

DEFENDANT PENNY GARDNER (*fka* RODRIGUEZ), WEEPING RIDGE
ENTITIES, ANSWER AND COUNTERCLAIM
Page 27 of 33



2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

Ridge entities, states the following:

## IX. COUNTERCLAIMANT'S CAUSES OF ACTION:

40.     Kinsale has engaged in bad faith denial of coverage as to Gardner in its handling of the coverage dispute, which should result in Kinsale being estopped from denying coverage in her favor,[1] and further require Kinsale to reimburse all fees and costs to Gardner, and to pay her the actual damages caused by its behavior.

41.     An insurer's bad faith failure or refusal to defend is presumptively harmful.

42.     An insurer's bad faith failure or refusal to investigate and to communicate reasonably in such is presumptively harmful.

43.     Washington courts are empowered to find "coverage by estoppel," barring the insurer from asserting any defenses to coverage that might otherwise have been available.

44.     Kinsale's actions are not those of "procedural misstep," but breach of the insurer's duty to investigate, defend, settle, or indemnify.

---

[1]   *See Safeco Ins. Co. of Am. v. Butler*, 118 Wn.2d 383, 823 P.2d 499 (1992).

DEFENDANT PENNY GARDNER (*fka* RODRIGUEZ), WEEPING RIDGE
ENTITIES, ANSWER AND COUNTERCLAIM
Page 28 of 33



2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

45.    Kinsale and all of its agents had a fiduciary and contractual duty to deal fairly with Gardner as an insured and as an owner of the facilities per the foregoing, breached all duties at the time of issuance of the policies involved, at the time of the claims made against her in *Esparza*, for purposes of this suit, and in its overall bad faith handling of the coverage disputes now in progress as to her and her property interests.

46.    Kinsale's bad faith violations and breaches of duty include, but are not limited to:

a)    Breach of the duty of insurance good faith;

b)    Breach of fiduciary duty;

c)    Breach of contract, and,

d)    Violation of RCW §§ 19.86.020 and .090, known as Washington's "Unfair Business Practices- Consumer Protection Act."

47.    The following claims are not yet formally asserted because they require exhaustion per RCW 48.30.015 (8), but per the August 30, 2022 report of an expert, notice is given of the intent to include such upon the maturity of the claims, including:

a)    Kinsale has failed to be actuated by good faith, abstain from

MARY SCHULTZ LAW. P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

deception, and practice honesty and equity in all insurance matters, violating the integrity of insurance. RCW § 48.01.030;

   b) Violation of RCW §§ 48.30.010 (unfair practices), .015 (unreasonable denial of payment of benefits), and .300 (unfair discrimination); and,

   c) Violation of WAC 284-30-300, known as the "Unfair Claims Settlement Practices Regulation" Act; specifically, and including, but not limited to, WAC 283-30-330 (1) (misrepresenting pertinent facts or insurance policy provisions), (2) (failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies); and, (13) (failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement, all  subject to and including the enforcement provisions of RCW 48.30.010 and RCW 48.05.140 (per WAC 284-30-400) ).

  48. Kinsale's violation of the foregoing have caused Gardner economic and non-economic damage, including but not limited to, attorney fees and costs, loss of assets to pay such fees, loss of Weeping Ridge North's license due to

DEFENDANT PENNY GARDNER (*fka* RODRIGUEZ), WEEPING RIDGE
ENTITIES, ANSWER AND COUNTERCLAIM
Page 30 of 33

*Mary*
*Schultz*
*Law. P.S.*

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

malfeasance in the process of issuing this policy in June 2019, prejudice to multiple ongoing litigations by causing a diversion of her personal funds and time, prejudice to multiple litigations by a necessary diversion of her counsel's time to this issue, loss of reputation and business standing, and emotional distress.

WHEREFORE Penny Gardner on her behalf and that of her Weeping Ridge entities makes the following request for judgment on her counterclaim:

## X.    COUNTERCLAIMANT'S REQUEST FOR JUDGMENT.

Gardner requests judgment and relief as follows:

49.    That Kinsale be and is estopped from denying coverage as to Gardner and any and all of her property interests, and that it be ordered to provide full coverage for any and all liability assigned against Gardner, and any property she owns, including her entity Weeping Ridge North LLC;

50.    That Kinsale pay all attorney fees and costs already incurred by Gardner, is incurring, and will continue to incur in defending herself and her Weeping Ridge entities in this action through private counsel, which should continue through the resolution of this action;

DEFENDANT PENNY GARDNER (*fka* RODRIGUEZ), WEEPING RIDGE
ENTITIES, ANSWER AND COUNTERCLAIM
Page 31 of 33



2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

51.    That Kinsale pay all attorney fees and costs she has incurred, is incurring and will incur in defending herself and her Weeping Ridge entities through private counsel against the underlying wrongful death claims, which should continue through the resolution of that action;

52.    That Kinsale pay all actual economic and non-economic damages to Gardner for bad faith conduct.

53.    That Kinsale pay punitive damages and civil penalties and multipliers as provided by law, including by the Consumer Protection Act.

54.    That judgment entered for all of the above against Kinsale and in favor of Gardner.

55.    Gardner reserves the above causes of action pending maturation of claims and production already overdue from Kinsale.

## XI. JURY DEMAND

56.    Gardner requests a jury on her counterclaims.

DEFENDANT PENNY GARDNER (*fka* RODRIGUEZ), WEEPING RIDGE
ENTITIES, ANSWER AND COUNTERCLAIM
Page 32 of 33



2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com

Dated this 18th day of October, 2022.

MARY SCHULTZ LAW, P.S.

*/s/Mary Schultz*
Mary Schultz, WSBA # 14198
Attorney for Defendants Penny Rodriguez; Weeping Ridge
North, LLC; Weeping Ridge, LLC; Weeping Ridge Home
Health, LLC; Weeping Ridge Lake Spokane, LLC
Mary Schultz Law, P.S.
2111 E. Red Barn Lane
Spangle, WA 99031
Tel: (509) 245-3522, Ext. 1
E-mail: Mary@MSchultz.com

2111 E. Red Barn Lane
Spangle, WA 99031
(509) 245-3522
Mary@MSchultz.com